UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60703-LEIBOWITZ/STRAUSS

**BAUTECH USA, INC.,**

    Plaintiff,
v.

**RESOLVE EQUIPMENT, INC.,** *et al.*,

    Defendants.
_____/

## DISCOVERY ORDER

**THIS MATTER** came before the Court for a hearing on May 2, 2024, upon Defendant/Third-Party Plaintiff Resolve Equipment, Inc.'s ("Resolve") *Ore Tenus* Motion to Compel (the "Motion") the production of documents from Third-Party Defendant Pennsylvania National Mutual Casualty Insurance Company ("PNI"). For the reasons stated below and on the record at the hearing, it is **ORDERED** and **ADJUDGED** that the Motion is **GRANTED IN PART**, and the Court **RESERVES** ruling on the remaining issues as follows:

## BACKGROUND

Resolve seeks to compel documents responsive to several different requests for production served on PNI on September 8, 2023. *See* [DE 148, 148–1]. On October 9, 2023, PNI responded to those requests for production by indicating that it would produce some documents but also objected by asserting several different privileges, including work-product immunity, attorney-client privilege, claims file privilege, and joint-defense privilege (asserting a common interest with Plaintiff/Counter-Defendant Bautech USA, Inc.). [DE 148–1]. At the hearing, PNI represented that it has been responding to the requests for production with a "rolling production" involving

1

more than a thousand documents. PNI produced its first tranche of responsive documents, that complied with the parties' ESI agreement, in February 2024. Following that production, in late February and over the ensuing two months, Resolve's counsel requested that PNI provide a privilege log. However, no privilege log was provided. PNI continued to make rolling production of additional tranches into April 2024.

Meanwhile, a dispute arose over a document produced by Bautech USA, Inc. ("Bautech") and used briefly as an exhibit ("Exhibit 109") during a deposition in December 2023. Exhibit 109 included a series of emails between employees of Bautech, PNI, and Beacon Consulting Group, Inc. ("Beacon"). In April 2024, PNI sought to "clawback" that email pursuant to the parties' ESI protocol, asserting that it was privileged under the work product, joint defense, and claims file doctrines. As part of this claim, PNI asserts that it and Bautech are covered by the joint defense doctrine and that communications with or including Beacon remain privileged because (at least during certain periods) Beacon was acting as a litigation consultant for PNI.

On April 19, 2024, Resolve filed a notice of discovery dispute pursuant to my Discovery Procedures Order seeking a hearing to address PNI's clawback demand of Exhibit 109 and what Resolve asserts is PNI's improper withholding of communications with Beacon based on the assertion of privilege.[1] [DE 137]. The Notice indicated that PNI had yet to file any privilege log. *Id*. I set a hearing and directed the parties to file a joint status report by April 25, 2024. [DE 139]. PNI did not provide Resolve with its privilege log until April 25, 2024, shortly before the joint status report was due. [DE 148] at 8. After further conferral following the production of the privilege log, the parties narrowed their dispute to approximately 24 documents listed on PNI's privilege log (which includes the aforementioned Exhibit 109).

---

[1] The Notice also described a dispute regarding communications with Wiss, Janey, Elstner Associates, Inc., which the parties now indicate has been resolved.

## ANALYSIS

Based on its failure to timely provide a privilege log in accordance with the Court's Local Rules, I find that PNI has waived its privilege as to the documents on its privilege log created prior to the commencement of the action on April 13, 2023. Local Rule 26.1(e)(2)(C) requires a party to produce a privilege log for all documents withheld on the basis of privilege or work product except for (as relevant here) "work product material created after commencement of the action." S.D. Fla. L.R. 26.1(e)(2)(C). According to Local Rule 26.1(e)(2)(D), "[u]nless the parties agree on a different time frame or the Court orders otherwise, the privilege log . . . shall be served no later than fourteen (14) days following service of: (i) any interrogatory response or document production from which some information or documents are withheld on the basis of such privilege or protection." S.D. Fla. L.R. 26.1(e)(2)(D).

Since there was no agreement or Court order altering this deadline, PNI was obligated to produce its privilege log within 14 days of the production from which it had withheld documents. This production began in February 2024. Yet, despite Resolve's repeated requests, PNI did not produce a privilege log for another two months – and even then, only after Resolve had requested a discovery hearing and on the afternoon of the day the parties' positions on the dispute were due to the Court. I recognize that PNI has produced multiple tranches of documents more recently than February. However, PNI could not identify from which tranche the documents on the privilege log produced on April 25, 2024, were withheld. The fact that PNI did not produce *any* privilege log (even a preliminary one to be supplemented as additional tranches were produced) within 14 days of its February production – or at any time for another two months despite repeated requests – undermines an inference that all of the privileged documents were only just discovered as part of the latest tranche.

Failure to timely provide a privilege log in accordance with the Local Rules constitutes a waiver of the asserted privileges for those documents subject to the privilege log requirement. *Devries v. Morgan Stanley & Co. LLC*, No. 12-81223-CIV, 2013 WL 3243370, at *3 (S.D. Fla. June 26, 2013). Deeming a privilege to have been waived by failure to provide a privilege log is a "harsh sanction" that is inappropriate when the opposing party has suffered no prejudice. *Henderson v. Holiday CVS, L.L.C.*, No. 09-80909-CIV, 2010 WL 11505169, at *1 (S.D. Fla. Sept. 24, 2010); *U.S. Equal Emp. Opportunity Comm'n v. Enter. Leasing Co. of Fla., LLC*, No. 0:23-CV-61744, 2024 WL 1210364, at *2 (S.D. Fla. Mar. 21, 2024). However, there is prejudice here – prejudice that the Local Rules are specifically designed to avoid.

The timely production of a privilege log is meant to surface disputes over privilege early in the discovery period in order to give the parties (and, if necessary, the Court) time to resolve them. As it stands, the discovery period in this case expires on June 5, 2024 (a date the parties jointly requested approximately a month ago). [DE 125, 126]. By failing to serve a privilege log until after Resolve had requested a discovery hearing, with little more than a month before the extended discovery deadline, PNI has left the parties and the Court little time to resolve an assertion of privilege, the merits of which will involve a close examination over multiple overlapping doctrines and potentially the need to find facts regarding the relationships between Bautech, PNI, and Beacon at different times. Moreover, the delay prejudices Resolve as it attempts to complete depositions and other discovery without the benefit of documents to which it may be entitled. Therefore, given the extended delay in PNI producing its required privilege log, I find that deeming a waiver of privilege over those documents listed on the log that were created prior to commencement of this action on April 13, 2023, is appropriate.

Nevertheless, as described above, the Local Rules do not require production of a privilege log for work product material created after commencement of the action. Therefore, the late production of the privilege log cannot operate as a waiver of privilege for those documents, even though PNI chose to list them on the log. PNI has indicated that six of the documents on their privilege log (three of which combined constitute Exhibit 109) were created after April 13, 2023. As described above, determining whether PNI may validly assert privilege over these documents requires further briefing.

Therefore, it is **ORDERED AND ADJUDGED** that:

a) PNI shall produce all the documents responsive to Resolve's requests for production created before April 13, 2023, that are listed on PNI's privilege log by **May 8, 2024**, unless the District Judge stays this Discovery Order.

b) For the documents that PNI lists on its privilege log that were created after April 13, 2023, the Court requires further briefing from the parties. By **May 8, 2024**, PNI shall file a legal memorandum explaining how the six listed documents fall within a privilege or are work product and attach declarations or affidavits supporting its contentions. Resolve[2] shall then have until **May 15, 2024**, to respond to PNI's memorandum. PNI may not file a reply unless the Court orders otherwise. The memorandum and response shall not exceed ten pages.

c) Additionally, PNI is directed to submit the six subject documents to the Court for an in-camera review through email to strauss@flsd.uscourts.gov by **May 8, 2024**.

---

[2] Defendant Olsen Associates, Inc. ("Olsen") joined in Resolve's request for a discovery hearing, at least as to the dispute over Exhibit 109. [DE 141]. Olsen may join in Resolve's response.

**DONE** and **ORDERED** in Fort Lauderdale, Florida, this 2nd day of May 2024.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

**DONE** and **ORDERED** in Fort Lauderdale, Florida, this 2nd day of May 2024.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge