UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60703-LEIBOWITZ/STRAUSS

**BAUTECH USA, INC.,**

    Plaintiff,

v.

**RESOLVE EQUIPMENT, INC.,** *et al.***,**

    Defendants.
_____/

## DISCOVERY ORDER

**THIS MATTER** came before the Court for a hearing on May 22, 2024, upon Defendant/Third-Party Plaintiff Resolve Equipment, Inc.'s ("Resolve") *Ore Tenus* Motion to Clawback Document Bates Stamped "Resolve_Marine-0089918–0089921" ("Motion to Clawback"), and Third-Party Defendant Pennsylvania National Mutual Casualty Insurance Company's ("PNI") *Ore Tenus* Motion to Compel. For the reasons stated below and on the record at the hearing, it is **ORDERED** and **ADJUDGED** that the Motion to Clawback is **GRANTED** and the Motion to Compel is **DENIED as MOOT.**

    **I.**    **Motion to Clawback**

In a federal diversity action, courts look to state law to determine the application of attorney-client privilege. *In re Fink*, 876 F.2d 84, 84–85 (11th Cir. 1989). In Florida, the attorney-client privilege applies to "confidential communications made in the rendition of legal services to the client." *S. Bell Tel. & Tel. Co. v. Deason*, 632 So. 2d 1377, 1380 (Fla. 1994). "The burden of establishing the privilege rests on the party claiming it." *Burrow v. Forjas Taurus S.A.*, 334 F.

1

Supp. 3d 1222, 1233 (S.D. Fla. 2018).  To establish that the attorney-client privilege protects a certain corporation's communication, the corporation must show that:

> (1) the communication would not have been made but for the contemplation of legal services;
>
> (2) the employee making the communication did so at the direction of his or her corporate superior;
>
> (3) the superior made the request of the employee as part of the corporation's effort to secure legal advice or services;
>
> (4) the content of the communication relates to the legal services being rendered, and the subject matter of the communication is within the scope of the employee's duties;
>
> (5) the communication is not disseminated beyond those persons who, because of the corporate structure, need to know its contents.

*Deason*, 632 So. 2d at 1383.

Here, the communication is an email from Jonathan Burke, a former Resolve employee, to his superior, Todd Schauer, in which Burke carbon copied Resolve's general counsel, Andrea Jansz.  Burke addressed the email to Schauer and provided what appears to be his interpretation of the contract between Resolve and Bautech USA, Inc.  Schauer then concluded the email addressing Jansz stating that he wanted to call her to discuss.

The body of the email indicates that the nature of the email is not business advice but rather legal advice because it is about the terms of the contract.  Jansz's inclusion on the email chain as well as her declaration indicating that Burke indeed subsequently contacted her by phone to obtain legal advice supports this conclusion.  Even if the email was not explicitly asking for or receiving legal advice, it is apparent that it was sent with the intent to obtain legal advice and as a start of the process to obtain that advice.  Hence, the communication was still sent in connection with seeking legal advice. *See Burrow*, 334 F. Supp. 3d at 1233–34.

The communication satisfies all five factors promulgated in *Deason*. The first factor is a close call but seems that, based on the email's contents and Jansz's declaration, the primary purpose was to obtain legal services. The communication was between Burke and his superior, thereby satisfying the second factor. With regards to the third factor, what is stated in the email evinces the intent to speak with Jansz about the contract and secure legal services. Fourth, the content is about the contract and how it operates, matters well within Jansz's duty as Resolve's general counsel. Finally, there is no evidence that the email was disseminated beyond the three individuals included within the email chain (i.e., Burke's supervisor and Resolve's general counsel).

Based on those factors, I find that Resolve has satisfied its burden in establishing that the attorney-client privilege applies to the email chain. The ultimate test is that the privilege applies to confidential communications made in rendition of legal services to the client. *Deason*, 632 So. 2d at 1380. At the very least, the email seeks the rendition of legal services.

## II.     Motion to Compel

In light of the parties' statements within their Joint Discovery Status Report [DE 167], and their representations at the May 22, 2024 hearing, PNI's Motion to Compel is **DENIED as MOOT**.

**DONE** and **ORDERED** in Fort Lauderdale, Florida, this 22nd day of May 2024.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge